# UNITED STATES DISTRICT COURT
# for
# Middle District of Tennessee

## Petition for Summons for Offender on Supervision

Name: Cortez Jones    Docket Number: 3:18-CR-334-001

Name of Sentencing Judicial Officer: The Honorable William L. Campbell, Jr., Chief U. S. District Judge

Date of Original Sentence: August 10, 2020

Original Offense: 18 U.S.C. § 922(g)(1) Felon in Possession of a Firearm

Original Sentence: Thirty-seven (37) months' custody followed by three (3) years' Supervised Release

Date of Revocation: September 12, 2025

Revocation Sentence: Time-served and continued supervised release

Type of Supervision: Supervised Release    Date Supervision Recommenced: September 12, 2025

Assistant U.S. Attorney: Ahmed Safeeullah    Defense Attorney: To Be Determined

---

**PETITIONING THE COURT**

☒ **To Issue a Summons**
☐ **To Issue a Warrant**
☐ **To Consider Additional Violations\Information**

---

The Court Orders:
☐ No Further Action at this Time
☒ The Issuance of a Summons
☐ The Issuance of a Warrant
  ☐ Sealed Pending Warrant Execution (cc: U.S. Probation and U.S. Marshal only)
☐ The Consideration of Additional Violations and/or Information
☐ Other

Considered, this 25th day of August, 2026, and made part of the record in the above case.

[signature]
The Honorable William L. Campbell, Jr.
Chief United States District Judge

I declare under penalty of perjury that the foregoing is true and correct.
Respectfully submitted this 24th day of August, 2026.

*Fredline Jean*

Fredline Jean
U.S. Probation Officer
Place: Nashville, TN

## ALLEGED VIOLATIONS

The probation officer believes that the offender has violated the following condition(s) of supervision:

**Violation No.** **Nature of Noncompliance**

1. **You must refrain from any unlawful use of a controlled substance.**

On September 22, 2025, Mr. Jones submitted a drug test that was positive for methamphetamine, and he admitted to using such substance the night prior to testing (Doc. No.: 86).

On February 5, 2026, Mr. Jones submitted a drug test that was positive for marijuana, and he admitted to using such substance one week prior to testing (Doc. No.: 87).

On April 20, 2026, Mr. Jones submitted a drug test that was positive for marijuana, amphetamine, and methamphetamine. He admitted to using marijuana two weeks prior and methamphetamine 3-4 days prior to testing (Doc. No.: 88).

On June 5, 2026, Mr. Jones submitted a drug test that was positive for marijuana, and he admitted to using such substance the day of the test (Doc. No.: 89).

On August 4, 2026, Mr. Jones submitted a drug test that was positive for cocaine and marijuana. He admitted to using marijuana approximately seven days prior and cocaine 2-3 days prior to testing.

**Compliance with Supervision Conditions and Prior Interventions:**

Mr. Jones began his term of supervised release on February 16, 2024. and is currently scheduled to expire on February 15, 2027. On September 12, 2025, Mr. Jones appeared before Your Honor on a petition of violation of supervised release. He was sentenced to time served and to continue with the same previously imposed term of supervised release.

Mr. Jones is currently living in Nashville, Tennessee. Mr. Jones was unemployed from October 17, 2025, until June 22, 2026, when he obtained employment at Burger King, located in Nashville, Tennessee, and has since maintained such employment.

On February 5, 2026, Mr. Jones was referred to Buffalo Valley for substance abuse residential treatment. On March 10, 2026, he completed the treatment program and was discharged successfully. However, Mr. Jones continues to use illegal substances as noted in the alleged violation No. 1.

In referenced to the positive urinalysis from September 2025 to June 2026, the probation office has submitted four petitions (Doc. Nos.: 86, 87, 88, and 89) informing the Court of Mr. Jones' positive urinalyses, as noted in Violation No.: 1. The probation office respectfully recommended no action, and Your Honor ordered the same.

On April 23, 2026, the probation officer submitted a petition to the Court in agreement with Mr. Jones, recommending that cognitive behavioral therapy (CBT) be added as a condition of his supervised release. On April 24, 2026, Your Honor ordered same. On April 24, 2026, Mr. Jones was referred to participate in

CBT, and he has been moderately compliant with attending the classes. To date, Mr. Jones has completed 11 out of 12 classes.

Mr. Jones was scheduled to enroll in the 4:13 Strong program on May 4, 2026, however, Mr. Jones reported that he participated in the try-out but was not selected due to arriving late to the first day of try-out. On June 25, 2026, during a home visit, Mr. Jone reported that the next try-out for the 4:13 Strong program is scheduled for July 5, 2026, and he planned on attending the try-out. However, on August 5, 2026, Mr. Jones claimed he did not enter the program in July because they would not allow him to continue attending CBT classes while living on campus. On August 11, 2026, this officer contacted the 4:13 Strong program's intake coordinator and was informed that Mr. Jones is enrolled in the program and the next try-out class is scheduled for September 7, 2026.

**Update of Offender Characteristics:**

There is no additional information relevant to this section that has not already been provided in this petition.

**U.S. Probation Officer Recommendation:**

It is respectfully recommended that a summons be issued so Mr. Jones can appear before the Court on the alleged violations.

**SENTENCING RECOMMENDATION**
**UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE**
**UNITED STATES V. CORTEZ JONES CASE NO. 3:18-CR-00334**

**GRADE OF VIOLATION:** **C**
**CRIMINAL HISTORY:** **III**

**ORIGINAL OFFENSE DATE**: **POST APRIL 30, 2003** **PROTECT ACT PROVISIONS**

| | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| **Custody:** | **2 years** (Class C felony)<br>*18 U.S.C. § 3583(e)(3)* | **5-11 months**<br>*U.S.S.G. § 7C1.5* | **Not recommended** |
| **Supervised Release:** | **3 years less any term of imprisonment**<br>*18 U.S.C. § 3583(h)* | **Not more than 3 years**<br>*U.S.S.G § 5D1.2(a)(2)* | **Continue TSR** |

**Statutory Provisions:**
Under 18 U.S.C. § 3583(e)(3) the Court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post release supervision, if the Court finds by a preponderance of the evidence that the defendant violated a condition of supervised release. When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release, in accordance with 18 U.S.C. § 3583(h).

18 U.S.C. § 3583 (g)(4) If the defendant, as a part of drug testing, tests positive for illegal controlled substances more than 3 times over the course of 1 year, the court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment authorized under subsection (e)(3).

**Guideline Policy Statements:**
U.S.S.G. § 7C1.1(a)(3) Grade C Violations - conduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment of one year or less; or (B) a violation of any other condition of supervision.

U.S.S.G. § 7C1.3(a) and (b) Upon receiving a report that the defendant is in non-compliance with a condition of supervised release, the court should conduct an individualized assessment to determine what response, if any, is appropriate. Upon a finding of a violation for which revocation is required by statute (see 18 USC 3583(g)), the court shall revoke supervised release. Upon a finding of any other violation, the court shall conduct an individualized assessment, taking into consideration the grade of violation, to determine whether to revoke supervised release. Revocation is generally appropriate for a Grade A violation, often appropriate for a Grade B violation, and may be appropriate for a Grade C violation.

Approved:

Charles Ingram
Supervisory U.S. Probation Officer

## VIOLATION WORKSHEET SUPERVISED RELEASE

1. **Defendant** Cortez Jones

2. **Docket Number** 3:18-CR-334-001

3. **District/Office** Middle District of Tennessee/Nashville

4. **Original Sentence Date** 8/10/2020

5. **Original District/Office**
   *(if different than above)*
6. **Original Docket Number** (*Year-Sequence-Defendant No.*)

7. **List each violation and determine the applicable grade** (see §7C1.1(a)):

| Violation(s) | Grade |
| --- | --- |
| No.1: You must refrain from any unlawful use of a controlled substance | C |

8. **Most Serious Grade of Violation** (see §7C1.1(b)) C

9. **Criminal History Category** (see §7C1.5) III

10. **Range of Imprisonment** (see §7C1.5) 5-11 months

11. **Revocation of Supervised Release (Policy Statement Per** §7C1.4**):**

    (a) In the case of a revocation of supervised release, the court shall conduct an individualized assessment to determine the appropriate length of the term of imprisonment, given the recommended range of imprisonment set forth in §7C1.5 (Term of Imprisonment – Supervised Release (Policy Statement)).

    (b) Any term of imprisonment imposed upon the revocation of supervised release generally includes the imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of supervised release.

    (c) If supervised release is revoked, the court may include a requirement that the defendant be placed on a term of supervised release upon release from imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. 18 U.S.C. § 3583(h).

**VIOLATION WORKSHEET SUPERVISED RELEASE**

12. **Unsatisfied Conditions of Original Sentence**

List any restitution, fine, community confinement, home detention. or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7C1.4):

| | | |
|---|---|---|
| Restitution($) | $ | Community Confinement |
| Fine($) | $ | Home Detention |
| Other | | Intermittent Confinement |

13. **Supervised Release**

If supervised release is revoked, the court may include a requirement that the defendant be placed on a term of supervised release upon release from imprisonment. The length of such term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release (see 18 U.S.C. §3583(e), §§5D1.1-1.3 §7C1.4(c)).

Term: Not more than 3 years

Period of supervised release to be served following release from months imprisonment:

14. **Departure**

List aggravating and mitigating factors that may warrant a sentence outside the applicable range of Imprisonment:

15. **Official Detention Adjustment** (see §7C1.6(a) & (b)): months days

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002